1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  AARON D. WEGNER (CABN 243809)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        aaron.wegner@usdoj.gov
8
   Attorneys for United States of America
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

13
   UNITED STATES OF AMERICA,        )  CASE NO. 4:13-MJ-71536-MAG
14                                   )
           Plaintiff,               )  [PROPOSED] DETENTION ORDER
15                                   )
       v.                            )
16                                   )
   CHRISTOPHER PHAOUTHOUM,           )
17                                   )
           Defendant.               )
18                                   )
                                     )
19                                   )
                                     )
20  _____)

21        A Criminal Complaint filed in the Northern District of California charged Defendant Christopher

22  Phaouthoum with a drug offense carrying a maximum sentence of at least ten years under the Controlled

23  Substances Act.  For the reasons set forth below, the Court detains Phaouthoum as a danger to the

24  community.  See 18 U.S.C. § 3142.

25        I.    **LEGAL STANDARDS**

26        Under the bail statute, 18 U.S.C. § 3142, a Court may order the release of a defendant unless

27  conditions of release will not reasonably assure the defendant's appearance or the safety of the

28  community or another person.  The Court must order a defendant detained if, after a hearing pursuant to

1  the provisions of Section 3142(f), the Court finds that conditions cannot be fashioned to assure the

2  defendant's appearance in Court or the safety of the community or another person. See 18 U.S.C. §

3  3142(e). For a drug offense with a maximum prison sentence of at least ten years, "[s]ubject to rebuttal

4  by the person, it shall be presumed that no condition or combination of conditions will reasonably assure

5  the appearance of the person . . . and the safety of the community." 18 U.S.C. § 3142(e)(3). The

6  presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the

7  government. See United States v. Hir, 517 F.3d 1081, 1086 (9th Cri. 2008).

8         Under Section 3142(f), the Court holds hearings only in certain cases, including on the

9  government's motion in drug cases involving a maximum sentence of at least ten years. At the hearing,

10  the Court determines whether any conditions in Section 3142(c) will reasonably assure the defendant's

11  appearance and the safety of the community or another person. The Court may hold the detention

12  hearing immediately at the defendant's first appearance, but the government may continue the hearing

13  for three days and the defense may continue it for five days. See 18 U.S.C. § 3142(f). Further

14  continuances are allowed only for good cause. See id. A defendant has certain rights at the hearing,

15  including the right to be represented by counsel and the opportunity to testify, present witnesses, and

16  present information by proffer or otherwise. See id. Section 3142(f) addresses other procedural issues

17  including the following: (1) the rules of evidence do not apply at a detention hearing and (2) a court

18  must have clear and convincing evidence to support a finding that conditions of release will not

19  reasonably assure the safety of the community or another person.

20         In evaluating whether conditions can be fashioned to assure the safety of the community or

21  another person, a Court considers the factors in Section 3142(g), including (1) the nature and

22  circumstances of the offense, including whether the offense is one of certain enumerated crimes

23  (including a controlled substance offense), (2) the weight of the evidence, (3) the history and

24  characteristics of the person (including his job, financial resources, family ties, community ties,

25  substance abuse history, physical and mental condition, character, criminal history, past conduct, track

26  record in appearing in court, and whether at the time of arrest the person was on supervision for parole,

27  probation, or other release in a pending criminal case), and (4) the nature and seriousness of the danger

28  to any person or the community posed by the person's release.

## II. PROCEDURAL FACTS

The defendant initially appeared before the Honorable Donna M. Ryu, U.S. Magistrate Judge, on December 18, 2013, charged with the instant offense. By motion in open court on December 18, 2013, the government asked for the mandatory detention hearing under Section 3142(f) for drug offenses carrying a maximum penalty of at least ten years, and asked for a continuance. With the government and the defense counsel's agreement, the Court (a) set a detention to take place three Court days later – on December 23, 2013 before the Honorable Nandor J. Vadas, (b) referred the matter to Pretrial Services for a bail study, and (c) detained the defendant pending the hearing, as required by Section 3142(f).

On December 23, 2013, Pretrial Services provided a report that included criminal history, employment history, health information, and surety information. The criminal history showed recent convictions for violent offenses. Specifically, Defendant sustained a felony conviction for Attempted Grand Theft from a Person in 2012. He also sustained a misdemeanor conviction for Obstructing/Resisting a Public Officer in 2013. On two separate occasions (December 3, 2012 and January 29, 2013), his felony probation has been modified, resulting in additional jail time. Phaouthoum was on probation at the time he committed the instant offense. Phaouthoum was on house arrest for his misdemeanor conviction of Obstructing/Resisting a Public Officer when he engaged in the offense conduct alleged in the Criminal Complaint. Phaouthoum is currently unemployed, and he has minimal employment history.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following a hearing under 18 U.S.C. § 3142(f), and considering the factors set forth in Section 3142(g), the Court finds that no condition or combination of conditions is Section 3142(c) will reasonably assure the safety of any other person or the community. In particular, the Court considered the following facts and 3142(g) factors.

### A. The Nature and Circumstances of the Offense

The serious narcotics offense in this case involves Phaouthoum's negotiation of narcotics transactions over a period of 5 months, and Phaouthoum's delivery of a total of 11 pounds of crystal methamphetamine to an undercover agent. According to the Criminal Complaint, on July 30, 2013,

1   Phaouthoum told a confidential source that Phaouthoum was on house arrest, and that consequently, his

2   co-conspirator would deliver methamphetamine to the confidential source. On August 22, 2013,

3   Phaouthoum told the confidential source that he was still on house arrest and that his source of supply

4   did not trust Phaouthoum's co-conspirator to deliver 1 pound of methamphetamine. Phaouthoum told an

5   undercover agent that once Phaouthoum was released from house arrest, he would personally deliver the

6   methamphetamine to the undercover agent. On September 5, 2013, Phaouthoum told the undercover

7   agent that he could not personally deliver the methamphetamine due to his house arrest. Phaouthoum

8   agreed to sell the undercover agent 1 pound of methamphetamine in exchange for $6,700. Phaouthoum

9   said that his co-conspirator would deliver the methamphetamine the following day. The next day, the

10  co-conspirator delivered ½ pound of methamphetamine to the undercover agent in exchange for $3,400.

11  On November 14, 2013, Phaouthoum delivered 1 pound of methamphetamine to the undercover agent in

12  exchange for $8,000. On December 17, 2013, Phaouthoum delivered 10 pounds of methamphetamine to

13  the undercover agent, and was arrested at that time. Danger to the community is shown by

14  Phaouthoum's access to such a large amount of methamphetamine.

15          B.      The Weight of the Evidence

16          While the weight of the evidence is the least important factor, see e.g., United States v. Gebro,

17  948 F.2d 1118, 1121 (9th Cir. 1991), it is relevant to the Court's assessment of danger to the community

18  and risk of the defendant's non-appearance in Court. This case involves Phaouthoum's engagement in

19  the negotiation of drugs deals over a 5 month period (from July 30, 2013 through his arrest on December

20  17, 2013). Given the substantial penalties that Phaouthoum faces, the strong case tends to show flight

21  risk and reveals a danger to the community of Phaouthoum's conduct.

22          C.      The History and Characteristics of Phaouthoum

23          As discussed above, Phaouthoum, who is 26, has two recent convictions for violent offenses, and

24  his felony probation has been modified on two separate occasions, resulting in additional jail time.

25  Despite his convictions, additional jail time for probation violations, and his house arrest, he engaged in

26  drug trafficking in the present case. Additionally, as Phaouthoum is presently on probation for another

27  offense, his behavior gives the Court no assurance that he would comply with any conditions of

28  supervision that the Court might set. These facts show danger to the community.

[PROPOSED] DETENTION ORDER
4:13-MJ-71536-MAG                                    4

Some factors weigh in Phaouthoum favor.  Although the Pretrial Services report showed that Phaouthoum's parents were unwilling to assist with bail, at the bail hearing, his parents indicated a willingness to serve as sureties.  However, given Phaouthoum's recent violent criminal history, his recent probation modifications resulting in additional time, the fact that he was on house arrest and felony probation at the time that he engaged in the criminal activity alleged in the Criminal Complaint, and the fact that he delivered a total of 11 pounds of methamphetamine to an undercover agent while on felony probation, release conditions cannot be fashioned to reasonably mitigate the defendant's risk of danger to the community.

D.    Conclusions of Law

The Court concludes that Phaouthoum is a danger to the community.  The Court finds by clear and convincing evidence that no conditions will reasonably assure the safety of the community or others.  See 18 U.S.C. § 3142(f).

## IV.    DETENTION ORDER

Having found Phaouthoum a danger to the community, the Court orders Phaouthoum detained pending trial.  The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  See 18 U.S.C. § 3142(i)(2).  The defendant must be afforded a reasonable opportunity to consult privately with counsel.  See id. § 3142(i)(3).  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance.  See id. § 3142(i)(4).

IT IS SO ORDERED.

DATED: 12/24/13

_____
THE HONORABLE NANDOR J. VADAS
United States Magistrate Judge